PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2003 Cadillac struck a hole in the road while he was traveling north on Route 2 in Weirton, Hancock County. Route 2 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 4:30 p.m. on December 24,2007. Route 2 in this area is a three-lane road, with two northbound lanes and one southbound lane. The posted speed limit is forty-five miles per hour. As claimant was driving in the northbound lane at approximately forty to forty-three miles per hour, his vehicle struck a hole in the road. Claimant testified that he travels on this road every day and noticed that there are a series of holes in this area. He lives in the area close to where the holes are located. Although claimant is familiar with this location *118 and usually tries to avoid the holes, he could not avoid the subject hole on this occasion. As a result, the vehicle’s left front tire and rim sustained damage in the amount of $424.43. Claimant’s insurance deductible is $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 2 at the site of the claimant’s accident. Samuel DeCapio, Highway Administrator for respondent in Hancock County, stated that respondent was engaged in snow removal and ice control on the day in question. Although he states that there were a series of holes in this location, he explained that snow removal and ice control are respondent’s highest priority.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public.. Even though respondent was engaged in snow removal and ice control, Mr. DeCapio stated that he was aware that there were a series of holes in the road at this location. However, the Court is also of the opinion that claimant had notice of the condition of the road on Route 2. Therefore, the Court concludes that claimant was ten percent (10%) comparatively negligent for this incident which caused the damages to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $3 81.99.
Award of $3 81.99.